1  SEYFARTH SHAW LLP
   Donald G. Featherstun (SBN 107976)
2  E-mail: dfeatherstun@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, CA  94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Aaron Belzer (SBN 238901)
   E-mail: abelzer@seyfarth.com
6  Amanda B. Weiner (SBN 229388)
   E-mail: aweiner@seyfarth.com
7  2029 Century Park East, Suite 3500
   Los Angeles, California  90067-3021
8  Telephone:  (310) 277-7200
   Facsimile:  (310) 201-5219

9

   Attorneys for Defendant
10 RAYTHEON COMPANY

*NOTE CHANGES MADE BY THE COURT*

11

12                  UNITED STATES DISTRICT COURT

13            IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 L'GARDE, INC., a California          )  Case No. CV11-04592 RSWL
   corporation,                        )  (AGRx)
15                                     )
             Plaintiff,                )  [PROPOSED] STIPULATED
16                                     )  PROTECTIVE ORDER FOR THE
        v.                             )  PROTECTION OF
17                                     )  CONFIDENTIAL,
   RAYTHEON SPACE AND AIRBORNE         )  PROPRIETARY, OR PRIVATE
18 SYSTEMS, a business of RAYTHEON      )  INFORMATION AND/OR
   COMPANY, a Delaware corporation,    )  MATERIALS SUBJECT TO
19                                     )  EXPORT CONTROL LAWS OR
             Defendant.                )  REGULATIONS
20                                     )
                                       )
21                                     )

22      1.      PURPOSES AND LIMITATIONS

23         Disclosure and discovery activity in this action are likely to involve

24 production of confidential, proprietary, or private information, and/or materials

25 subject to export control laws or regulations of the United States for which special

26 protection from public disclosure and from use for any purpose other than

27 prosecuting this litigation may be warranted.  Accordingly, the parties hereby

28 stipulate to and petition the court to enter the following Stipulated Protective

                                    1

1   Order.  The parties acknowledge that this Order does not confer blanket protections
2   on all disclosures or responses to discovery and that the protection it affords from
3   public disclosure and use extends only to the limited information or items that are
4   entitled to confidential treatment under the applicable legal principles.   The parties
5   further acknowledge, as set forth in Section 13.3, below, that this Stipulated
6   Protective Order does not entitle them to file confidential information under seal;
7   Civil Local Rule 79-5 sets forth the procedures that must be followed and the
8   standards that will be applied when a party seeks permission from the court to file
9   material under seal.

10       2.   DEFINITIONS

11           2.1.   Challenging Party:  a Party or Non-Party that challenges the
12   designation of information or items under this Order.

13           2.2.   "CONFIDENTIAL" Information or Items:  information
14   (regardless of how it is generated, stored or maintained) or tangible things that
15   qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(G).

16           2.3.   Counsel (without qualifier):  Outside Counsel of Record and
17   House Counsel (as well as their support staff).

18           2.4.   Designated House Counsel:  House Counsel who seek access
19   to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in
20   this matter.

21           2.5.   Designating Party:  Party or Non-Party that designates
22   information or items that it produces in disclosures or in responses to discovery as
23   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
24   ONLY."

25           2.6.   Disclosure or Discovery Material:  all items or information,
26   regardless of the medium or manner in which it is generated, stored, or maintained
27   (including, among other things, testimony, transcripts, and tangible things), that are
28   produced or generated in disclosures or responses to discovery in this matter.

1          2.7.    <u>Expert</u>: a person with specialized knowledge or experience in

2   a matter pertinent to the litigation who (1) has been retained by a Party or its

3   counsel to serve as an expert witness or as a consultant in this action, (2) is not a

4   past or current employee of a Party or of a Party's competitor, and (3) at the time

5   of retention, is not anticipated to become an employee of a Party or of a Party's

6   competitor.

7          2.8.    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

8   <u>ONLY" Information or Items</u>: extremely sensitive "Confidential Information or

9   Items," disclosure of which to another Party or Non-Party would create a

10   substantial risk of serious harm that could not be avoided by less restrictive means.

11         2.9.    <u>House Counsel</u>: attorneys who are employees of a party to

12   this action. House Counsel does not include Outside Counsel of Record or any

13   other outside counsel.

14         2.10.   <u>Material Subject to Export Control Laws</u>: includes any

15   material subject to export control laws and regulations of the United States,

16   including but not limited to the International Traffic in Arms Regulations

17   ("ITAR") and the U.S. Export Administration Regulations ("EAR").

18         2.11.   <u>Non-Party</u>: any natural person, partnership, corporation,

19   association, or other legal entity not named as a Party to this action.

20         2.12.   <u>Outside Counsel of Record</u>: attorneys who are not employees

21   of a party to this action but are retained to represent or advise a party to this action

22   and have appeared in this action on behalf of that party or are affiliated with a law

23   firm which has appeared on behalf of that party.

24         2.13.   <u>Party</u>: any party to this action, including all of its officers,

25   directors, employees, consultants, retained experts, and Outside Counsel of Record

26   (and their support staffs).

27         2.14.   <u>Producing Party</u>: a Party or Non-Party that produces

28   Disclosure or Discovery Material in this action.

2.15.   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16.   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or that contains Material Subject to Export Control Laws.

2.17.   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

1    5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise

2  provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as

3  otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

4  protection under this Order must be clearly so designated before the material is

5  disclosed or produced.

6    Designation in conformity with this Order requires:

7    (a) <u>for information in documentary form</u> (e.g., paper or electronic

8  documents, but excluding transcripts of depositions or other pretrial or trial

9  proceedings), that the Producing Party affix the legend "CONFIDENTIAL,"

10  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "SUBJECT TO

11  EXPORT CONTROL LAWS" to each page that contains protected material.  If

12  only a portion or portions of the material on a page qualifies for protection, the

13  Producing Party also must clearly identify the protected portion(s) (e.g., by making

14  appropriate markings in the margins) and must specify, for each portion, the level

15  of protection being asserted.

16    A Party or Non-Party that makes original documents or materials available

17  for inspection need not designate them for protection until after the inspecting

18  Party has indicated which material it would like copied and produced.  During the

19  inspection and before the designation, all of the material made available for

20  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21  ONLY" and "SUBJECT TO EXPORT CONTROL LAWS."  After the inspecting

22  Party has identified the documents it wants copied and produced, the Producing

23  Party must determine which documents, or portions thereof, qualify for protection

24  under this Order.  Then, before producing the specified documents, the Producing

25  Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "SUBJECT TO EXPORT

27  CONTROL LAWS") to each page that contains Protected Material.  If only a

28  portion or portions of the material on a page qualifies for protection, the Producing

1    Party also must clearly identify the protected portion(s) (e.g., by making

2    appropriate markings in the margins) and must specify, for each portion, the level

3    of protection being asserted.

4         (b) for testimony given in deposition or in other pretrial or trial proceedings,

5    that the Designating Party identify on the record, before the close of the deposition,

6    hearing, or other proceeding, all protected testimony and specify the level of

7    protection being asserted.  When it is impractical to identify separately each

8    portion of testimony that is entitled to protection and it appears that substantial

9    portions of the testimony may qualify for protection, the Designating Party may

10   invoke on the record (before the deposition, hearing, or other proceeding is

11   concluded) a right to have up to 21 days to identify the specific portions of the

12   testimony as to which protection is sought and to specify the level of protection

13   being asserted.  Only those portions of the testimony that are appropriately

14   designated for protection within the 21 days shall be covered by the provisions of

15   this Stipulated Protective Order.

16        Parties shall give the other parties notice if they reasonably expect a

17   deposition, hearing or other proceeding to include Protected Material so that the

18   other parties can ensure that only authorized individuals who have signed the

19   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

20   proceedings.  The use of a document as an exhibit at a deposition shall not in any

21   way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

22   ATTORNEYS' EYES ONLY" or "SUBJECT TO EXPORT CONTROL LAWS."

23        Transcripts containing Protected Material shall have an obvious legend on

24   the title page that the transcript contains Protected Material, and the title page shall

25   be followed by a list of all pages (including line numbers as appropriate) that have

26   been designated as Protected Material and the level of protection being asserted by

27   the Designating Party.  The Designating Party shall inform the court reporter of

28   these requirements.  Any transcript that is prepared before the expiration of a 21-

1   day period for designation shall be treated during that period as if it had been

2   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

3   "SUBJECT TO EXPORT CONTROL LAWS" in its entirety unless otherwise

4   agreed.  After the expiration of that period, the transcript shall be treated only as

5   actually designated.

6        (c) for information produced in some form other than documentary and for

7   any other tangible items, that the Producing Party affix in a prominent place on the

8   exterior of the container or containers in which the information or item is stored

9   the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

10   EYES ONLY" or "SUBJECT TO EXPORT CONTROL LAWS."  If only a

11   portion or portions of the information or item warrant protection, the Producing

12   Party, to the extent practicable, shall identify the protected portion(s) and specify

13   the level of protection being asserted.

14        5.3.    Inadvertent Failures to Designate.  If timely corrected, an

15   inadvertent failure to designate qualified information or items does not, standing

16   alone, waive the Designating Party's right to secure protection under this Order for

17   such material.  Upon timely correction of a designation, the Receiving Party must

18   make reasonable efforts to assure that the material is treated in accordance with the

19   provisions of this Order.

20   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

21        6.1.    Timing of Challenges.  Any Party or Non-Party may

22   challenge a designation of confidentiality at any time.  Unless a prompt challenge

23   to a Designating Party's confidentiality designation is necessary to avoid

24   foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

25   disruption or delay of the litigation, a Party does not waive its right to challenge a

26   confidentiality designation by electing not to mount a challenge promptly after the

27   original designation is disclosed.

28

1         6.2.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the

2   dispute resolution process by providing written notice of each designation it is

3   challenging and describing the basis for each challenge.  To avoid ambiguity as to

4   whether a challenge has been made, the written notice must recite that the

5   challenge to confidentiality is being made in accordance with this specific

6   paragraph of the Protective Order.  The parties shall attempt to resolve each

7   challenge in good faith and must begin the process by conferring directly (in voice

8   to voice dialogue; other forms of communication are not sufficient) within 14 days

9   of the date of service of notice.  In conferring, the Challenging Party must explain

10  the basis for its belief that the confidentiality designation was not proper and must

11  give the Designating Party an opportunity to review the designated material, to

12  reconsider the circumstances, and, if no change in designation is offered, to explain

13  the basis for the chosen designation.  A Challenging Party may proceed to the next

14  stage of the challenge process only if it has engaged in this meet and confer

15  process first or establishes that the Designating Party is unwilling to participate in

16  the meet and confer process in a timely manner.

17        6.3.   <u>Judicial Intervention</u>.  If the Parties cannot resolve a

18  challenge without court intervention, the Designating Party shall file and serve a

19  motion to retain confidentiality under Civil Local Rule 37 (and in compliance with

20  Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of

21  challenge or within 14 days of the parties agreeing that the meet and confer process

22  will not resolve their dispute, whichever is earlier.  Each such motion must be

23  accompanied by a competent declaration affirming that the movant has complied

24  with the meet and confer requirements imposed in the preceding paragraph.

25  Failure by the Designating Party to make such a motion including the required

26  declaration within 21 days (or 14 days, if applicable) shall automatically waive the

27  confidentiality designation for each challenged designation.  In addition, the

28  Challenging Party may file a motion challenging a confidentiality designation at

1  any time if there is good cause for doing so, including a challenge to the

2  designation of a deposition transcript or any portions thereof.  Any motion brought

3  pursuant to this provision must be accompanied by a competent declaration

4  affirming that the movant has complied with the meet and confer requirements

5  imposed by the preceding paragraph.

6      The burden of persuasion in any such challenge proceeding shall be on the

7  Designating Party.  Frivolous challenges and those made for an improper purpose

8  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

9  expose the Challenging Party to sanctions.  Unless the Designating Party has

10  waived the confidentiality designation by failing to file a motion to retain

11  confidentiality as described above, all parties shall continue to afford the material

12  in question the level of protection to which it is entitled under the Producing

13  Party's designation until the court rules on the challenge.

14      7.   EXPORT CONTROL REQUIREMENTS

15      (a)   The Receiving Party acknowledges that the Protected Materials

16  received under this Protective Order may contain Materials Subject to Export

17  Control Laws, including but not limited to technical data, as defined in ITAR

18  120.10, or, if not regulated by ITAR, technical data, as defined in EAR Part 772

19  (15 CFR 772) relating to export controlled items appearing on the Commerce

20  Control List ("CCL") at EAR Part 774 (15 CFR 774).

21      (b)   The Receiving Party acknowledges that technical data, as defined in

22  ITAR 120.10, relating to export controlled items appearing on the U.S. Munitions

23  List (USML) at ITAR Part 121, may not be exported, disclosed or transferred, as

24  defined in ITAR 120.17, to any foreign person (whether in the United States or

25  abroad), as defined in ITAR 120.16.  The Receiving Party further acknowledges

26  that technical data, as defined in EAR Part 772 (15 CFR 772) relating to export

27  controlled items appearing on the Commerce Control List ("CCL") at EAR Part

28

774 (15 CFR 774) may not be exported out of the U.S. or to a foreign national in the U.S., as defined in EAR Part 772.

(c)     The Producing Party shall be responsible for identifying any Material Subject to Export Control Laws, and the Receiving Party agrees to maintain adequate controls to prevent any foreign person, as defined in ITAR 120.16, or any foreign national, as defined in EAR Part 772, whether in the United States or abroad, from accessing the Producing Party's Protected Materials containing Materials Subject to Export Control Laws without first complying with all applicable export control laws and regulations of the United States, including the applicable laws and regulations relating to the export of technical data contained in ITAR Parts 120-130 (22 CFR 120-130), or EAR Parts 730-774(15 CFR 730-774), or otherwise make and document the determination that a licensing exemption under ITAR or EAR applies, as the case may be.

(d)     The Receiving Party agrees to notify the Producing Party prior to granting a foreign person, as defined in ITAR 120.16, or a foreign national, as defined in EAR Part 772, access to the Producing Party's Protected Materials that contain Material Subject to Export Control Laws, or placing such foreign person or foreign national on a project requiring receipt or review of the Producing Party's Protected Materials containing Material Subject to Export Control Laws.

8.     ACCESS TO AND USE OF PROTECTED MATERIAL

8.1.     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party at a

2    location and in a secure manner that ensures that access is limited to the persons

3    authorized under this Order.

4        8.2.   Disclosure of "CONFIDENTIAL" In formation or Items.

5    Unless otherwise ordered by the court or permitted in writing by the Designating

6    Party, a Receiving Party may disclose any information or item designated

7    "CONFIDENTIAL" only to:

8        (a)   the Receiving Party's Outside Counsel of Record in this action,

9    as well as employees of said Outside Counsel of Record to whom it is reasonably

10   necessary to disclose the information for this litigation and who have signed the

11   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

12   A;

13       (b)   the officers, directors, and employees (including House

14   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

15   this litigation and who have signed the "Acknowledgment and Agreement to Be

16   Bound" (Exhibit A);

17       (c)   Experts (as defined in this Order) of the Receiving Party to

18   whom disclosure is reasonably necessary for this litigation and who have signed

19   the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20       (d)   the court and its personnel;

21       (e)   court reporters and their staff, professional jury or trial

22   consultants, and Professional Vendors to whom disclosure is reasonably necessary

23   for this litigation and who have signed the "Acknowledgment and Agreement to

24   Be Bound" (Exhibit A);

25       (f)   during their depositions, witnesses in the action to whom

26   disclosure is reasonably necessary and who have signed the "Acknowledgment and

27   Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

28   Party or ordered by the court. Pages of transcribed deposition testimony or

1    exhibits to depositions that reveal Protected Material must be separately bound by

2    the court reporter and may not be disclosed to anyone except as permitted under

3    this Stipulated Protective Order.

4           (g)   the author or recipient of a document containing the

5    information or a custodian or other person who otherwise possessed or knew the

6    information.

7           8.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

8    EYES ONLY" Information or Items.  Unless otherwise ordered by the court or

9    permitted in writing by the Designating Party, a Receiving Party may disclose any

10    information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

11    EYES ONLY" only to:

12           (a)   the Receiving Party's Outside Counsel of Record in this action,

13    as well as employees of said Outside Counsel of Record to whom it is reasonably

14    necessary to disclose the information for this litigation and who have signed the

15    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

16    A; 10

17           (b)   Experts of the Receiving Party (1) to whom disclosure is

18    reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

19    and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set

20    forth in paragraph 7.4(a)(2), below, have been followed;

21           (c)   the court and its personnel;

22           (d)   court reporters and their staff, professional jury or trial

23    consultants, and Professional Vendors to whom disclosure is reasonably necessary

24    for this litigation and who have signed the "Acknowledgment and Agreement to

25    Be Bound" (Exhibit A); and

26           (e)   the author or recipient of a document containing the

27    information or a custodian or other person who otherwise possessed or knew the

28    information.

8.4.   Procedures for Approving or Objecting to Disclosure of "
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or
Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the
Designating Party, a Party that seeks to disclose to Designated House Counsel any
information or item that has been designated "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a
written request to the Designating Party that (1) sets forth the full name of the
Designated House Counsel and the city and state of his or her residence, and (2)
describes the Designated House Counsel's current and reasonably foreseeable
future primary job duties and responsibilities in sufficient detail to determine if
House Counsel is involved, or may become involved, in any competitive decision-
making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the
Designating Party, a Party that seeks to disclose to an Expert (as defined in this
Order) any information or item that has been designated "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)
first must make a written request to the Designating Party that (1) identifies the
general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" information that the Receiving Party seeks permission to disclose to the
Expert, (2) sets forth the full name of the Expert and the city and state of his or her
primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies
the Expert's current employer(s), (5) identifies each person or entity from whom
the Expert has received compensation or funding for work in his or her areas of
expertise or to whom the expert has provided professional services, including in
connection with a litigation, at any time during the preceding five years, and (6)
identifies (by name and number of the case, filing date, and location of court) any
litigation in connection with which the Expert has offered expert testimony,

14

1  including through a declaration, report, or testimony at a deposition or trial, during

2  the preceding five years.

3      (b)    A Party that makes a request and provides the information specified in

4  the preceding respective paragraphs may disclose the subject Protected Material to

5  the identified Designated House Counsel or Expert unless, within 14 days of

6  delivering the request, the Party receives a written objection from the Designating

7  Party.  Any such objection must set forth in detail the grounds on which it is based.

8      (c)    A Party that receives a timely written objection must meet and confer

9  with the Designating Party (through direct voice to voice dialogue) to try to resolve

10 the matter by agreement within seven days of the written objection.  If no

11 agreement is reached, the Party seeking to make the disclosure to Designated

12 House Counsel or the Expert may file a motion as provided in Civil Local Rule

13 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission

14 from the court to do so.  Any such motion must describe the circumstances with

15 specificity, set forth in detail the reasons why the disclosure to Designated House

16 Counsel or the Expert is reasonably necessary, assess the risk of harm that the

17 disclosure would entail, and suggest any additional means that could be used to

18 reduce that risk.  In addition, any such motion must be accompanied by a

19 competent declaration describing the parties' efforts to resolve the matter by

20 agreement (i.e., the extent and the content of the meet and confer discussions) and

21 setting forth the reasons advanced by the Designating Party for its refusal to

22 approve the disclosure.

23     In any such proceeding, the Party opposing disclosure to Designated House

24 Counsel or the Expert shall bear the burden of proving that the risk of harm that the

25 disclosure would entail (under the safeguards proposed) outweighs the Receiving

26 Party's need to disclose the Protected Material to its Designated House Counsel or

27 Expert.

28

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "SUBJECT TO EXPORT CONTROL LAWS," that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue  in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "SUBJECT TO EXPORT CONTROL LAWS" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO B E PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY

16

1    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "SUBJECT TO EXPORT

2    CONTROL LAWS." Such information produced by Non-Parties in connection

3    with this litigation is protected by the remedies and relief provided by this Order.

4    Nothing in these provisions should be construed as prohibiting a Non-Party from

5    seeking additional protections.

6         (b)    In the event that a Party is required, by a valid discovery request, to

7    produce a Non-Party's confidential information in its possession, and the Party is

8    subject to an agreement with the Non-Party not to produce the Non-Party's

9    confidential information, then the Party shall:

10         1.    promptly notify in writing the Requesting Party and the Non-

11    Party that some or all of the information requested is subject to a confidentiality

12    agreement with a Non-Party;

13         2.    promptly provide the Non-Party with a copy of the Stipulated

14    Protective Order in this litigation, the relevant discovery request(s), and a

15    reasonably specific description of the information requested; and

16         3.    make the information requested available for inspection by the

17    Non-Party.

18         (c)    If the Non-Party fails to object or seek a protective order from this

19    court within 14 days of receiving the notice and accompanying information, the

20    Receiving Party may produce the Non-Party's confidential information responsive

21    to the discovery request. If the Non-Party timely seeks a protective order, the

22    Receiving Party shall not produce any information in its possession or control that

23    is subject to the confidentiality agreement with the Non-Party before a

24    determination by the court. Absent a court order to the contrary, the Non-Party

25    shall bear the burden and expense of seeking protection in this court of its

26    Protected Material.

27

28

11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court *upon court approval in writing*.

AGR

13.   <u>MISCELLANEOUS</u>

13.1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not

18

1   addressed in this Stipulated Protective Order.  Similarly, no Party waives any right

2   to object on any ground to use in evidence of any of the material covered by this

3   Protective Order.

4       13.3. <u>Filing Protected Material</u>.  Without written permission from

5   the Designating Party or a court order secured after appropriate notice to all

6   interested persons, a Party may not file in the public record in this action any

7   Protected Material.  A Party that seeks to file under seal any Protected Material

8   must comply with Civil Local Rule 79-5.  Protected Material may only be filed

9   under seal pursuant to a court order authorizing the sealing of the specific

10  Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will

11  issue only upon a request establishing that the Protected Material at issue is

12  privileged, protectable as a trade secret, or otherwise entitled to protection under

13  the law.  If a Receiving Party's request to file Protected Material under seal

14  pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving

15  Party may file the Protected Material in the public record pursuant to Civil Local

16  Rule 79-5(e) unless otherwise instructed by the court.

17     14. <u>FINAL DISPOSITION</u>

18      Within 60 days after the final disposition of this action, as defined in

19  paragraph 4, each Receiving Party must return all Protected Material to the

20  Producing Party or destroy such material.  As used in this subdivision, "all

21  Protected Material" includes all copies, abstracts, compilations, summaries, and

22  any other format reproducing or capturing any of the Protected Material.  Whether

23  the Protected Material is returned or destroyed, the Receiving Party must submit a

24  written certification to the Producing Party (and, if not the same person or entity, to

25  the Designating Party) by the 60 day deadline that (1) identifies (by category,

26  where appropriate) all the Protected Material that was returned or destroyed and

27  (2) affirms that the Receiving Party has not retained any copies, abstracts,

28  compilations, summaries or any other format reproducing or capturing any of the

1  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

2  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

3  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

4  reports, attorney work product, and consultant and expert work product, even if

5  such materials contain Protected Material.  Any such archival copies that contain

6  or constitute Protected Material remain subject to this Protective Order as set forth

7  in Section 4.

8  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9

10  DATED: September 7, 2011                    JONES & DONOVAN

11

12                                                         BRIAN J. DONOVAN

13                                                         Attorneys for Plaintiff
14                                                         L'GARDE, INC.

15

16

17  DATED: September 7, 2011                    SEYFARTH SHAW LLP

18

19                                                         Aaron Belzer

20                                                         Attorneys for Defendant
21                                                         RAYTHEON COMPANY

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

24  DATED: _____                         _____
                                                           Hon. Ronald S.W. Lew

25                                                         United States District Court Judge

26

27

28

13655462v.3

1  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

2  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

3  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

4  reports, attorney work product, and consultant and expert work product, even if

5  such materials contain Protected Material.  Any such archival copies that contain

6  or constitute Protected Material remain subject to this Protective Order as set forth

7  in Section 4.

8  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9

10  DATED: September 7, 2011                    JONES & DONOVAN

11

12                                                              BRIAN J. DONOVAN

13                                                    Attorneys for Plaintiff
                                                     L'GARDE, INC.
14

15

16

17  DATED: September 7, 2011                    SEYFARTH SHAW LLP

18

19                                                              Aaron Belzer

20                                                    Attorneys for Defendant
                                                     RAYTHEON COMPANY
21

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

24  DATED: September 14, 2011

25                                                    Hon. Ronald S.W. Lew

26                                                    United States District Court Judge
                                                     Magistrate
27

28

20
Stipulated Protective Order

13635462v.3

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I am a citizen or national of the United States, or am a

lawful permanent resident in the United States. I further declare that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on [date] in the

case of *L'Garde, Inc. v. Raytheon Space and Airborne Systems*, Case No. CV11-

04592 RSWL (AGRx). I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

21

Stipulated Protective Order