SEYFARTH SHAW LLP
Donald G. Featherstun (State Bar No. 107976)
E-mail: dfeatherstun@seyfarth.com
Giovanna A. Ferrari (State Bar No. 229871)
E-mail: gferrari@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, CA  94105
Telephone: (415) 397-2823
Facsimile:  (415) 397-8549

Aaron Belzer (SBN 238901)
E-mail: abelzer@seyfarth.com
Daniel P. Wierzba (State Bar No. 291290)
E-mail: dwierzba@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
RAYTHEON COMPANY

JS-6

UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L'GARDE, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> RAYTHEON SPACE AND AIRBORNE SYSTEMS, a business of RAYTHEON COMPANY, a Delaware corporation, <br><br> Defendant. | Case No.  CV 11-04592-GW(AGRx) <br><br> **JUDGMENT** |

1        This case brought by Plaintiff L'Garde, Inc. ("L'Garde") against Defendant Raytheon Company ("Raytheon")[1] involves two causes of action, one for fraud and one for breach of contract. (Dkt. No. 1)

      On September 6, 2013, this Court granted Defendant Raytheon's Second Motion for Summary Judgment on L'Garde's second cause of action for fraud, on the basis that L'Garde could not have justifiably relied on the alleged misrepresentations. (*See* Dkt. No. 165 (the "Order")).

      In the Order, this Court also made findings under Fed. R. Civ. P. 56 (g) and granted in part Raytheon's Second Motion for Summary Judgment with respect to L'Garde's first cause of action for breach of contract, "except as to the issue of Defendant's alleged failure to negotiate and the breach of the implied covenant of good faith and fair dealing." (*See* Dkt. No. 165).

      A jury trial in this matter came before this Court on January 28, 2014 on the two remaining contract claims. After receiving and hearing evidence from both parties, but before submitting the matter to the jury for deliberation, on February 4, 2014, this Court granted Raytheon's Motion for Judgment as a Matter of Law as to the two remaining contract claims. (*See* Dkt. No. 290). Specifically, the Court found that: (1) there was no legally sufficient evidentiary basis to find for L'Garde on its alleged failure to negotiate claim because L'Garde did not have any reliance damages as required under *Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1260-1264 (2002), and *Rambus Inc. v. Hynix Semiconductor, Inc.*, Case No. C 05-00334 RMW, 2009 U.S. Dist. LEXIS 41026, at **123-125 (N.D. Cal. May 14, 2009); and (2) there was no legally sufficient evidentiary basis to find for L'Garde on its claim of breach of the implied covenant of good faith and fair dealing because L'Garde did not allege or prove any acts by Raytheon which were precluded by the implied covenant, and therefore could not allege or prove any breach of the implied covenant of good faith and fair dealing.

---

[1] Erroneously sued as Raytheon Space and Airborne Systems.

1  IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

2  The Court hereby enters judgment in favor of Defendant Raytheon Company
3  and against Plaintiff L'Garde, Inc. on both causes of action and all claims
4  thereunder.  Plaintiff L'Garde, Inc. shall take nothing by its Complaint, which is
5  dismissed with prejudice.  Defendant Raytheon Company is entitled to recover its
6  costs of suit, may submit an application to tax costs, and may seek attorneys' fees
7  where appropriate. [1]

9  DATED: February 20, 2014      By: _____
                                      Hon. George H. Wu
10                                    United States District Court Judge

12  Proposed Order prepared by:
13  SEYFARTH SHAW LLP

15  By:    /s/ Donald G. Featherstun
16  Donald G. Featherstun
    Giovanna A. Ferrari
17  Aaron Belzer
    Daniel P. Wierzba
18
19  Attorneys for Defendant
    RAYTHEON COMPANY

---

[1] Plaintiff L'Garde has objected to the inclusion of the reference to any application for attorney's fees by Defendant.  In leaving the language in the Judgment, this Court does not find that Defendant has a basis for such application or that any such application would be successful.  Likewise, the Court does not, at this time, bar Defendant from making such application.